## COUNTIES – COMMISSIONER COUNTIES – BONDS – DEBT LIMIT FOR SOMERSET COUNTY

November 15, 1995

*Kirk G. Simpkins, Esquire*
*County Attorney for Somerset County*

You have requested our opinion on the debt limitation applicable to Somerset County. Our opinion is as follows: Like other counties without home rule, Somerset County may only create debt as expressly authorized by enactment of the General Assembly. Therefore, although neither the Constitution nor a general law specifies an overall debt limit, the limit on the county's authority to create debt is found in the various authorizing statutes.

## I

### Creation of Debt

In relevant part, the Maryland Constitution provides that the "powers and duties of the County Commissioners ... are such as now are or may be hereafter prescribed by law." Article VII, §2. This article applies to counties, like Somerset, that do not have home rule status.

In considering the powers of county commissioners, the Court of Appeals has held that these officials have only those powers that are expressly conferred by statute or that may reasonably be implied from such statutes. *See, e.g., Miller v. County Commissioners,* 226 Md. 105, 114, 172 A.2d 867 (1961); *County Commissioners v. Page*, 163 Md. 619, 632, 164 A. 182 (1933); *Chaney v. County Commissioners*, 119 Md. 385, 387, 86 A. 1039 (1913). Moreover, these powers are to be strictly construed. *Walker v. Board of County Commissioners*, 208 Md. 72, 86, 116 A.2d 393 (1955).

Accordingly, it has been understood that county commissioners may create debt only in accordance with express statutory enactments of the General Assembly. *See County Commissioners v. Page*, 163 Md. at 632. As a leading commentator observed: "The

power to borrow money and create indebtedness is not an incident to local government, and such power cannot be exercised unless it is conferred either expressly or by necessary implication." 15 Eugene McQuillan, *The Law of Municipal Corporations* §39.07 (3d ed. 1995) (hereafter "McQuillan"). To create debt for works of internal improvement, the Constitution expressly requires statutory authorization. Article III, §54.

The practice of the General Assembly of enacting laws that expressly authorize the Somerset County Commissioners to create debt for various purposes clearly reflects an understanding that the commissioners could not create debt without such enactments. *See* Chapter 45, Laws of Maryland 1995 (landfill); Chapter 1, Laws of Maryland 1987 (agricultural office center); Chapter 6, Laws of Maryland 1985 (jail); Chapter 72, Laws of Maryland 1980 (jail); Chapter 278, Laws of Maryland 1974 (capital projects); Chapter 14, Laws of Maryland 1972 (water and sewer assistance).

These laws not only authorize the creation of debt but also prescribe a maximum amount of debt for each authorized project.[1] The aggregate amount of these individual authorizations could be described as the debt limitation for the county. To be sure, there are at least two public general laws that allow borrowing without specified limits in certain circumstances. Article 16A, §35 of the Maryland Code (military emergency); Article 24, §9-102 of the Code (relief of the destitute). Nevertheless, the limited purposes of these provisions would effectively serve as a debt limit.

## II

### Conclusion

Although the General Assembly could enact a statute generally authorizing Somerset County to create debt for any public purpose, subject to some sort of general limitation, it has not done so. *Cf.* Article 25A, §5(P)(1) (authorizing charter counties to issue bonds that, in the aggregate, "shall not exceed 15 per centum upon the

---

[1] For example, the 1995 authorization for landfill construction financing limited the borrowing to $5,000,000. Chapter 45, Laws of Maryland 1995.

assessable basis of the county").[2]  Therefore, the debt limit of the county is found in the specific authorizations that the General Assembly has enacted to enable Somerset County to create debt.


                                        J. Joseph Curran, Jr.
                                        *Attorney General*

                                        Richard E. Israel
                                        *Assistant Attorney General*


Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*

---

[2] In the absence of constitutional provisions prescribing the debt limit undoubtedly this may be fixed by statute, and when so done a statute may be repealed in toto, ... or may thereafter either diminish or increase the amount of the debt limit ...."  15 McQuillan §41.05.